**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**CHARLES LEE ROBERSON,**<br><br>**Defendant** | NO. 5: 05-CR-90 (DF)<br><br>VIOLATIONS: DRUG RELATED |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Ms. Althea L. Buafo of the Macon Bar; the United States was represented by Assistant U. S. Attorney Verda M. Colvin. Based upon the evidence proffered to the court by counsel for the government and the contents of the Pretrial Service Report dated December 12, 2005, I conclude that the following facts require the detention of the defendant pending the trial of this case, noting that the defendant does not contest pretrial detention.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
  ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### ALTERNATIVE FINDINGS

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated December 12, 2005, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community were defendant Roberson to be released from custody at this time. The offenses charged against the defendant are serious drug offenses for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 120 months to 150 months in prison. The weight of evidence appears to be strong.

**Defendant Roberson has strong ties to the Middle District of Georgia, but he also has a significant felony conviction record which includes a prior drug conviction in 1999 in the Superior Court of Baldwin County, Georgia.  He was also convicted in 1999 in the Superior Court of Baldwin County for the offense of CRIMINAL CONSPIRACY TO COMMIT ROBBERY. In 2000, he was charged in BALDWIN COUNTY WITH VARIOUS FIREARMS RELATED CRIMES, INCLUDING POSSESSION of a Firearm by a Convicted Felon, which resulted in the revocation of his sentence of probation.  He has had several other instances of probation revocation subsequent to this revocation and currently faces state probation revocation based upon the federal indictment herein.  The defendant admits to usage of marijuana on a daily basis prior to being taken into custody.**

**In the view of the undersigned, the evidence proffered at the Detention Hearing establishes a serious danger to the community based upon continued violations of the law and violations of probation; the defendant has exhibited a propensity to involve himself in illegal drug activity since 1998.**

**For the foregoing reasons, pretrial detention is mandated.  IT IS SO ORDERED.**

### PART III  -  DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 20th day of DECEMBER, 2005.**



**CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE**